## Case No. 16,115.

### UNITED STATES v. RAMSAY.

[Hempst. 481.] [1]

Circuit Court, D. Arkansas. April, 1847.

MURDER—ACCESSORY BEFORE THE FACT—CRIMINAL JURISDICTION.

1. There is no act of congress punishing an accessory before the fact of murder, and an indictment for that offence will be quashed.

2. To commit murder and to be accessory to it, are different and distinct offences.

3. The courts of the United States are only authorized to try and punish such crimes as congress expressly, or by necessary implication, has designated and affixed known and certain penalties to, and such courts have no common law jurisdiction in that respect.

The indictment charged, in substance, that certain persons to the grand jurors unknown, in the Indian country west of Arkansas, feloniously, wilfully, and of their malice aforethought, murdered one Charles Butler, an Indian, and that John Ramsay, a white man, was accessory thereto before the fact.

E. H. English, for prisoner, filed a motion to quash the indictment, on the ground that there was no law of congress punishing the offence charged in the indictment, and this point he argued at length.

S. H. Hempstead, U. S. Dist. Atty., in his argument in opposition to the motion, insisted on the following points, namely: (1) The law of congress of the 30th of April, 1790, § 3, declares that the crime of murder shall be punished with death. Gord. Dig. 937 [1 Stat. 113]. (2) That if a statute enacts an offence to be felony, though it may mention nothing of accessories before or after the fact, yet virtually and consequentially they are included. 1 Russ. Crimes, 35; 1 Hale, P. C. 613, 614, 704; 3 Inst. 59. (3) That accessories before the fact and principals were subject to capital punishment at common law, and as the above act punishing murder, ex vi termini, embraces accessories according to a well-settled rule of construction; therefore, accessories before the fact must be punishable capitally under that law. 4 Bl. Comm. 39; 3 Inst. 188. (4) That the only reason originally for the distinction between principals and accessories was the benefit of clergy; but in contemplation of law and morals, the accessory before the fact is guilty of as deep enormity as the actual perpetrator of a murder, and therefore he ought to receive the same punishment. (5) That it cannot be supposed that congress meant to exempt accessories from punish-

[1] [Reported by Samuel H. Hempstead, Esq.]

ment, and the fact that there is no specific legislation with regard to them is almost conclusive proof that they were intended to be included in the general law against murder, and to receive the same punishment as principals.

JOHNSON, District Judge. It is true, as urged by the district attorney, that he who advises or counsels the commission of a murder, is, in point of morals, as guilty as the principal, and should, doubtless, be punished accordingly. In legal language. however, he is not guilty of murder, but is only accessory to it; and this distinction is preserved in all the books on criminal jurisprudence. It is said that the act of congress punishing murder necessarily embraces an accessory before the fact, and subjects him to the punishment of death. I cannot assent to the correctness of this position; but, on the contrary, applying the known rule that penal statutes must be construed strictly, I entertain no doubt that the point made by the prisoner's counsel is well taken and must be sustained. Certainly, to commit the crime of wilful murder, and to be accessory to it. are different offences; and in the trial of Burr [Cases Nos. 14,692–14,694a], for treason, Chief Justice Marshall very clearly lays down that proposition. That an accessory before the fact ought to be punished will not be questioned by any one, for he is, indeed, frequently involved in deeper guilt than the principal. This is a question, however, for the consideration of the legislative department, and this court is only authorized to try and punish such crimes as congress expressly or by necessary implication have visited with known and certain penalties, and the court has no common law jurisdiction in that respect. The defects in the Criminal Code of the United States, have been severely felt, but it is for congress, not this court, to interpose and apply the corrective; and as I should not feel warranted in pronouncing sentence of death on the prisoner in case of conviction, I shall sustain the motion to quash the indictment, and direct him to be discharged, regretting. at the same time, that there is no law to reach his case.

Prisoner discharged accordingly.